UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW TAYLOR and REY MORELL,
individually and on behalf of all others similarly situated,

                                  **Plaintiff,**

-V-

THE CITY OF YONKERS, TRANSIT AUTO TOWING INC., MICHAEL SPANO individually, ANTHONY LANDI individually, STEVEN LEVY individually, CHRISTOPHER SAPIENZA individually, and JOHN DOES 1-5,

                                  **Defendant.**

Case No.

Civ.7:25-CV-5861(KMK)(    )

CASE MANAGEMENT AND SCHEDULING ORDER

---

KENNETH M. KARAS, District Judge:

    At the conference before the Court held on October 17, 2025 this Case Management Plan and Scheduling Order was adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure.

1.     This case (**is**) (is not) to be tried to a jury [circle one].

2.     No additional parties may be joined except with leave of the Court.

3.     Amended pleadings may not be filed except with leave of the Court.

4.     Initial disclosure pursuant to Rule 26(a)(1), Fed. R. Civ. P., will be completed not later than November 14, 2015 [absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f)].
   *At this time, no discovery is to be had from defendants Michael Spano, Anthony Landi, Steven Levy and Christopher Sapienza. Please see note under 6a.

5.     All *fact* discovery is to be completed no later than February 13, 2026 [a period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances].
   *This deadline may need to be extended depending on the outcome of Defendants' forthcoming motion to dismiss. Please see note under 6a.

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the fact discovery completion date in paragraph 6 above:

    a.     Initial requests for production of documents to be served by November 14, 2025.
   *The parties agree that no discovery is to be taken from defendants Michael Spano, Anthony Landi, Steven Levy and Christopher Sapienza until the adjudication of Defendants' forthcoming motion to dismiss. The November 14, 2025 deadline may need to be extended with regard to those individual defendants depending on the outcome of that motion.

    b.    Interrogatories to be served by November 14, 2025.
(*Does not apply to defendants Michael Spano, Anthony Landi, Steven Levy, and Christopher Sapienza) Please see note under 6a.

    c.    Depositions to be completed by February 13, 2026.
(*Does not apply to defendants Michael Spano, Anthony Landi, Steven Levy, and Christopher Sapienza) Please see note under 6a.

        i.    Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    Unless the parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

    d.    Requests to Admit to be served no later than January 23, 2026.
(*Does not apply to defendants Michael Spano, Antony Landi, Steven Levy, and Christopher Sapienza) Please see note under 6a.

7.    All *expert* disclosures, including reports, production of underlying documents and depositions are to be completed by:

    a.    Expert(s) of Plaintiff(s)   March 13, 2026  .

    b.    Expert(s) of Defendant(s)   April 13, 2026  .

8.    Motions: All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Summary Judgment or other dispositive motions are due at the close of discovery. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least two (2) weeks prior to this deadline.

9.    All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.

10.    a.    Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.

     b.    The parties (request) (do not request) a settlement conference before a United States Magistrate Judge [circle one].

11.    a.    Counsel for the parties have discussed the use of the Court's Mediation Program.

     b.    The parties (request) (do not request) that the case be referred to the Court's Mediation Program [circle one].

12.     a.     Counsel for the parties have discussed the use of a privately-retained mediator.

        b.     The parties (intend) ((do not intend)) to use a privately-retained mediator [circle one].

13.     The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed.R.Civ.P. If this action is to be tried before a jury, proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed upon submission.

14.     Parties have conferred and their present best estimate of the length of trial is __2 days__.

**TO BE COMPLETED BY THE COURT:**

15.  [Other directions to the parties:]

**There will be no extensions of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order without the permission of the Court, nor should counsel assume that any extensions will be granted. Counsel may seek permission for extension of *interim* discovery deadlines from the magistrate judge to whom the case is referred. Counsel may seek permission for an extension of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order only after consenting to allowing the magistrate judge to handle the case for all purposes.**

16.  The next Case Management Conference is scheduled for 5/4/26, at 10:30.

The movant's pre-motion letter is due 4/13/26;

The non-movant's response is due 4/20/26.

SO ORDERED.

DATED: White Plains, New York
10/23/25

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE