```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
MATTHEW TAYLOR and REY MORELL, individually
and on behalf of all others similarly
situated,                                              Index No:
                    Plaintiffs,              25-cv-05861(KMK)

v.

THE CITY OF YONKERS; TRANSIT AUTO TOWING,
INC.; MICHAEL SPANO; ANTHONY LANDI; STEVEN
LEVY; CHRISTOPHER SAPIENZA; and JOHN DOES 1-5,
                    Defendants.
---------------------------------------------X
```

## DEFENDANT TRANSIT AUTO TOWING, INC.'S MOTION TO DISMISS CLAIMS ASSERTED BY PLAINTIFF REY MORELL

Defendant TRANSIT AUTO TOWING, INC. ("TRANSIT"), through counsel, Law Office of James Monteleon, PLLC, moves to dismiss Plaintiff Rey Morell's claims for lack of subject-matter jurisdiction and failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

**PRELIMINARY STATEMENT**

All counts should be dismissed as to Plaintiff Rey Morell because he does not allege any legally cognizable property interest in the 2020 BMW (the "vehicle"). Morell pleads neither title nor registration in his name, nor a duly recorded lien, but only a conclusory claim of an alleged $14,000 "investment" and "regular use," which is insufficient to confer section 1983 standing. See W. Farms Assocs. v. State Traffic Comm'n, 951 F.2d 469, 472 (2d Cir. 1991); Safepath

<u>Sys. LLC v. N.Y.C. Dep't of Educ.</u>, 563 F. App'x 851, 854 (2d Cir. 2014).

## STATEMENT OF ALLEGATIONS (AS PLED)

Plaintiff Rey Morell is an individual residing in Bronx County, New York, and is one of the two named plaintiffs in this action. Compl. ¶¶ 1,4,12.

The Complaint alleges the vehicle was seized by Yonkers incident to Morell's arrest for a traffic violation, which ultimately dismissed, but the vehicle was not returned. Compl.¶ 4.

Plaintiffs allege that Morell had personal property inside that vehicle at the time of the seizure Compl. ¶21.

Plaintiffs allege Morell "was, by agreement with Plaintiff Taylor, a co-owner with a substantial interest in the vehicle by virtue of having invested $14,000 to purchase the vehicle and having used it regularly". Compl. ¶21.

Plaintiffs assert section 1983 claims for deprivation by unreasonable seizure, deprivation without due process, and taking without just compensation, and a conversion claim against Transit. See Counts I-III.

## LEGAL STANDARD

Rule 12(b)(6): To survive dismissal, a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face". "Labels and

conclusions" and "naked assertion[s]" are insufficient. When the well-pleaded complaint does not permit the court "to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 12(b)(1): Dismissal for lack of subject-matter jurisdiction is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a plaintiff lacks Article III standing. This occurs, for instance, when a plaintiff fails to allege a cognizable property interest. Courts require "some indicia of reliability or substance to claims of ownership to reduce the likelihood of a false or frivolous claim" in the context of seized property. Because Plaintiff Morell has not alleged any indicia of a legally cognizable ownership interest in the vehicle, his claims must be dismissed for lack of Article III standing pursuant to Rule 12(b)(1). Alternatively, his claims must be dismissed for failure to state a claim under Rule 12(b)(6)

Because Morell has not alleged any indicia of a legally cognizable ownership interest, his claims should be dismissed for lack of Article III standing under Fed. R. Civ. P. 12(b)(1) and, alternatively, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

> **I. ALL OF PLAINTIFF MORELL'S § 1983
> CLAIMS AGAINST TRANSIT MUST BE DISMISSED
> AS HE <u>LACKS A PROTECTED PROPERTY
> INTEREST</u>**

**A. Property Interests Are Defined By State Law And
Are Required For § 1983 Due-Process/Takings Claims**

Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." <u>Safepath Sys.</u>, 563 F. App'x at 854. The Second Circuit has held that "a plaintiff may not successfully claim a deprivation of property without due process absent the identification of a protected property interest." <u>W.Farms Assocs.</u>, 951 F.2d at 472. District courts require "some indicia of reliability or substance" for ownership claims in the seized-property context. <u>Decastro</u>, 2019 WL 4509027, at *5.

Because Morell alleges only a conclusory $14,000 "investment" and "regular use" and does not plead title, registration, or a duly recorded lien, he has failed to identify the protected property interest required by the Second Circuit and district courts to sustain § 1983 due-process or takings claims, and those counts must be dismissed.

**B. Morell's allegations are legally insufficient to plead a protected interest**

The Due Process and Takings claims require a protected property interest. The Second Circuit and district courts in this Circuit have consistently held that a plaintiff "may not successfully claim a deprivation of property without due process absent the identification of a protected property interest". <u>W. Farms Assocs.</u>, 951 F.2d at 472 (2d Cir. 1991).

Here, Morell pleads neither title nor a recorded interest in the vehicle; his bare allegation that he contributed $14,000 and "used" the vehicle is insufficient as a matter of law to create a protected interest. Courts require "some indicia of reliability or substance to claims of ownership to reduce the likelihood of a false or frivolous claim". <u>Decastro</u>, 2019 WL 4509027, at *5 (S.D.N.Y. Sept. 19, 2019).

Morell's allegations fail to meet this standard. Because Morell fails to plead a protected property interest, counts I–IV must be dismissed as to Transit under Rule 12(b)(6) and, alternatively, Rule 12(b)(1)

## II. <u>LEAVE TO AMEND WOULD BE FUTILE</u>

Plaintiffs have already pleaded the essential transactional facts regarding the vehicle's ownership and have not alleged title, registration, or a recorded lien in Morell's favor. Given the pleaded facts (or the absence of any indication of ownership) and the controlling law, amendment

would be futile. <u>Iqbal</u>, 556 U.S. at 679; <u>Twombly</u>, 550 U.S. at 570.

## **CONCLUSION**

For the foregoing reasons, Transit Auto Towing, Inc. respectfully requests that the Court dismiss plaintiff Rey Morell's claims (Counts I–IV) against Transit in their entirety, with prejudice, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6); and grant such other relief as the Court deems just and proper.

Dated: White Plains, New York
      November 24, 2025

Respectfully submitted,

LAW OFFICE OF JAMES ROCCO MONTELEON, PLLC

*James Rocco Monteleon*

By: _____

JAMES ROCCO MONTELEON, ESQ.
Attorney for Defendant Transit Auto Towing
445 Hamilton Avenue, Ste. 605
White Plains, NY 10601
Phone: 914-600-1777
Email: james@jrm.legal