UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW TAYLOR and REY MORELL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF YONKERS, TRANSIT AUTO TOWING INC., MICHAEL SPANO, individually, ANTHONY LANDI, individually, STEVEN LEVY, individually, CHRISTOPHER SAPIENZA, individually, and JOHN DOES 1-5, <br><br> Defendants. | Hon. Kenneth M. Karas <br><br> Case No. 25-CV-5861 (KMK) |

**MEMORANDUM OF LAW IN SUPPORT
OF THE DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFFS'
COMPLAINT PURSUANT TO FEDERAL RULES OF
<u>CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)</u>**

**HARRIS BEACH MURTHA CULLINA PLLC**
*Attorneys for Defendants City of Yonkers, Michael Spano, Anthony Landi, Steven Levy, and Christopher Sapienza*
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601
Tel: (914) 683-1200
Fax: (914) 683-1210

On the Brief:
Darius P. Chafizadeh, Esq.

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 1

STANDARDS ON THIS MOTION TO DISMISS .................................................................... 2

ARGUMENT ............................................................................................................................... 4

    POINT I ................................................................................................................................ 4

        PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS
        MUST BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM
        UPON WHICH RELIEF CAN BE GRANTED ............................................................ 4

    POINT II ............................................................................................................................... 7

        PLAINTIFF MORELL'S CLAIMS SHOULD BE DISMISSED BECAUSE
        HE LACKS STANDING AND FAILS TO STATE A CLAIM UPON WHICH
        RELIEF CAN BE GRANTED ....................................................................................... 7

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexandre v. Cortes*,
 140 F.3d 406 (2d Cir. 1998)......................................................................................................9

*All. for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*,
 651 F.3d 218 (2d Cir. 2011)......................................................................................................3

*Ambrose v. City of New York*,
 623 F. Supp. 2d 454 (S.D.N.Y. 2009).......................................................................................3

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).........................................................................................................2, 3, 4

*Atuahene v. City of Hartford*,
 10 F. App'x 33, 34 (2d Cir. 2001) .............................................................................................5

*Avila v. Acacia Network, Inc.*,
 No. 24-CV-0884, 2024 WL 4108012 (S.D.N.Y. Aug. 26, 2024)..............................................4

*Banks v. Annucci*,
 48 F. Supp. 3d 394 (N.D.N.Y. 2014).........................................................................................6

*Barrett v. Harwood*,
 189 F.3d 297 (2d Cir. 1999)......................................................................................................9

*Bd. of Regents of State Colleges v. Roth*,
 408 U.S. 564 (1972)..................................................................................................................8

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..............................................................................................................2, 3

*Black v. Coughlin*,
 76 F.3d 72 (2d Cir. 1996)..........................................................................................................4

*Bowser*, 2025 WL 1707174 at *4 ..................................................................................................7

*Bowser v. City of New York*,
 No. 23 Civ. 6183, 2025 WL 1707174, at *5 (E.D.N.Y. Feb. 25, 2025) ................................5, 6

*Decastro v. City of New York*,
 No. 16-CV-3850, 2019 WL 4509027 (S.D.N.Y. Sept. 19, 2019)..............................................8

*Fuentes v. Shevin*,
    407 U.S. 67 (1972)..................................................................................................................9

*Gigetts v. Cnty. of Suffolk*,
    No. 19-cv-4885, 2022 WL 1046311 (E.D.N.Y. Apr. 7, 2022)..................................................5

*Greene v. City of New York*,
    773 F. Supp. 3d 94, 113-114 (S.D.N.Y. 2025)....................................................................5, 6

*Hawthorne by Hawthorne v. Cnty. of Putnam*,
    492 F. Supp. 3d 281 (S.D.N.Y. 2020)....................................................................................4

*Kamal v. Pressler, Felt & Warshaw, LLP*,
    No. 23-cv-10487, 2025 WL 919505 (S.D.N.Y. Mar. 25, 2025).............................................4, 8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)................................................................................................................8

*Mahon v. Ticor Title Ins. Co.*,
    683 F.3d 59 (2d Cir. 2012)..............................................................................................3, 4, 8

*Safepath Sys. LLC v. NYC Dep't of Educ.*,
    563 F. App'x 851 (2d. Cir. 2014) ..........................................................................................8

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)............................................................................................................4, 8

*Tangreti v. Bachmann*,
    983 F.3d 609 (2d. Cir. 2020)................................................................................................4, 6

*United States v. $829,422.42*,
    561 F. App'x 100 (2d Cir. 2014) ............................................................................................8

*W. Farms Assocs. v. State Traffic Comm'n of State of Conn.*,
    951 F.2d 469 (2d Cir. 1991)..................................................................................................10

**Statutes**

42 U.S.C. § 1983...........................................................................................................................1, 6, 7

42 U.S.C. § 1988....................................................................................................................................1

**Other Authorities**

Federal Rule of Civil Procedure 8(a)......................................................................................5, 6

Federal Rule of Civil Procedure 12(b)(1) ............................................................................1, 3, 7

Federal Rule of Civil Procedure 12(b)(6) ................................................................................1, 2

**PRELIMINARY STATEMENT**

Defendants City of Yonkers ("Yonkers"), Michael Spano ("Spano"), Anthony Landi ("Landi"), Steven Levy ("Levy"), and Christopher Sapienza ("Sapienza"), (and, together with Spano, Landi and Levy, the "Individual Defendants"; and, collectively with Yonkers, the "Municipal Defendants") respectfully submit this Memorandum of Law in support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) to partially dismiss the Complaint filed by Plaintiffs Matthew Taylor ("Taylor") and Rey Morell ("Morell" and, together with Taylor, the "Plaintiffs"). This putative class action, commenced by Plaintiffs individually and on behalf of all others similarly situated, arises out of the alleged impoundment of Plaintiffs' vehicle incident to the arrest of Morell and subsequent alleged towing and disposal of such vehicle by Yonkers and co-defendant, Transit Auto Towing Inc. ("Transit").

As explained herein, Plaintiffs fail to state a claim upon which relief can be granted against the Individual Defendants, and Morell has not sufficiently alleged standing or plausibly alleged a constitutionally protected property interest in the Vehicle. The Court should therefore dismiss Plaintiffs' claims against the Individual Defendants, and dismiss Morell's claims against the Municipal Defendants.

**STATEMENT OF FACTS**

On July 16, 2025, Plaintiffs initiated this putative class action against the Municipal Defendants and Transit alleging claims under 42 U.S.C. § 1983 and § 1988 for (1) deprivation of property by unreasonable seizure, (2) deprivation of property without due process, and (3) taking of property without just compensation.

On March 11, 2024, Yonkers seized a 2020 BMW bearing VIN 3MW5R7J01L8B13515 (the "Vehicle") allegedly owned by Plaintiffs. *See* Complaint (Compl.) ¶¶ 4, 23. The seizure of the

1

Vehicle was performed incident to the arrest of Morell for a traffic violation. Compl. ¶ 4. Plaintiff alleges that Yonkers utilized Transit to tow the Vehicle. Compl. ¶ 25.

Plaintiffs allege that at the time of the seizure of the Vehicle, Taylor was the titled owner of the Vehicle, and that Morell was, "by agreement with Plaintiff Taylor, a co-owner with a substantial interest in the Vehicle by virtue of having invested $14,000 to purchase the Vehicle and having used it regularly to, *inter alia*, commute to work." Compl. ¶ 21. Plaintiffs also assert that Morell had personal property inside the Vehicle at the time of the seizure. *Id.* On or around April 25, 2024, Yonkers sent Plaintiffs a letter stating that "[T]en (10) days from this date, April 25, 2024, the [Vehicle] will be disposed of in accordance with the New York State Vehicle and Traffic Law Section 1224." Compl. ¶ 27; Compl. Ex. 1.

According to Plaintiffs, they attempted to "recover the Vehicle" but their attempt was "rebuffed". Compl. ¶ 4. Plaintiffs further assert that they made "numerous demands that Yonkers and Transit release the Vehicle and personal property items that were inside the Vehicle," and that no opportunity with a hearing was afforded to Plaintiffs, with adequate notice of that hearing, where Plaintiffs could have their request for release of the Vehicle reviewed by a neutral decisionmaker Compl. ¶¶ 4, 30.

Plaintiffs also claim that the Individual Defendants "created and/or approved and/or implemented some or all of Yonkers's policies, customs, and practices surrounding the impound and disposal of seized motor vehicles." Compl. ¶¶ 15-18.

## **STANDARDS ON THIS MOTION TO DISMISS**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2

Under this standard, while a plaintiff need not provide meticulously detailed factual allegations, he [or she] must nevertheless offer a more substantive factual account of his [or her] claim than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78 (citing *Twombly*, 550 U.S. at 555).

Under *Iqbal* and *Twombly*, a complaint cannot survive a motion to dismiss through the use of "labels and conclusions" or "formulaic recitations of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The complaint must contain factual details – enough to permit the court to infer – by drawing connections between specific facts, and not by leap of faith, that the defendant is liable for the misconduct alleged. This standard – "facial plausibility" – is not satisfied by the "mere possibility of misconduct." *Id.* at 678-79 (quoting *Twombly*, 550 U.S. at 557). Facial plausibility is only achieved when the complaint offers "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]," a standard that is not met with bare-bones factual pleading, conjecture, generalization, or conclusory accusations. *Twombly*, 550 U.S. at 556. A complaint will not survive a motion to dismiss if it states assertions and conclusions without any factual support. *Ambrose v. City of New York*, 623 F. Supp. 2d 454 (S.D.N.Y. 2009).

Furthermore, in order to defeat a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show that they have standing to sue on claims for a federal court to have subject matter jurisdiction over them. It is axiomatic that "[t]o satisfy the 'irreducible constitutional minimum of standing'," a plaintiff "must demonstrate (1) a personal injury in fact (2) that the challenged conduct of the defendant caused and (3) which a favorable decision will likely redress." *Mahon v. Ticor Title Ins. Co.,* 683 F.3d 59, 62 (2d Cir. 2012) (quoting *All. for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 651 F.3d 218, 228 (2d Cir. 2011)).

"Demonstrating that the [defendants'] allegedly unlawful conduct caused injury to the plaintiff [him]self is thus generally an essential component of Article III standing." *Mahon,* 683 F.3d at 62. "At the pleading stage, 'the plaintiff must clearly…allege facts demonstrating each element' of standing." *Kamal v. Pressler, Felt & Warshaw, LLP*, No. 23-cv-10487, at *5, 2025 WL 919505 (S.D.N.Y. Mar. 25, 2025) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)) (holding that individual did "not have standing based solely on an injury to his wife").

## ARGUMENT

## POINT I

### PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs' claims against the Individual Defendants should be dismissed in their entirety. In order to attach liability to an individual, a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d. Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676); *see also Avila v. Acacia Network, Inc.*, No. 24-CV-0884, 2024 WL 4108012, at *3 (S.D.N.Y. Aug. 26, 2024) (dismissing claims asserted against defendants in their individual capacities because plaintiff did not allege facts showing how the individual defendants were "directly and personally involved with the alleged violations"). "[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he [or she] held a high position of authority." *Hawthorne by Hawthorne v. Cnty. of Putnam*, 492 F. Supp. 3d 281, 293 (S.D.N.Y. 2020) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)).

Here, the allegations against the Individual Defendants cannot withstand a motion to dismiss because they are devoid of any factual information. Plaintiffs allege in conclusory fashion that the

4

Individual Defendants "knew or should have known that the approval of and/or participation in Yonkers's policies, customs, and practices described herein would deprive vehicle owners of their rights" and that prior Court rulings against Yonkers "have already made clear that Yonkers cannot seize and dispose of Vehicles in this manner without violating these constitutional rights." (Compl. ¶ 50). Plaintiffs also allege in conclusory fashion that "upon information and belief" the Individual Defendants "created and/or approved and/or implemented some or all of Yonkers's policies, customs, and practices surrounding the impound and disposal of seized motor vehicles." (Compl. ¶¶ 15-18).

These bare and conclusory allegations are insufficient to defeat a motion to dismiss. *See Greene v. City of New York*, 773 F. Supp. 3d 94, 114 (S.D.N.Y. 2025). Plaintiffs' use of "and/or" connectors and combining allegations as to the Individual Defendants together in this manner not only lack specificity to show personal involvement, but also run afoul of the requirements of Federal Rule of Civil Procedure 8(a). *See Greene*, 773 F. Supp. 3d at 114; *Bowser v. City of New York*, No. 23 Civ. 6183, 2025 WL 1707174, at *4 (E.D.N.Y. 2025). *See Atuahene v. City of Hartford,* 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal of complaint because, "[a]lthough Fed.[ ]R.[ ]Civ.[ ]P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests" such that "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct ... failed to satisfy this minimum standard") (internal quotation marks and citations omitted)); *Gigetts v. Cnty. of Suffolk*, No. 19-cv-4885, 2022 WL 1046311, at *3 (E.D.N.Y. Apr. 7, 2022) (reasoning that "[a] complaint that lumps all the defendants together by means of a sweepingly general allegation of wrongdoing does not plausibly allege a claim for relief against any one defendant and denies each individual

5

defendant fair notice of what the plaintiff alleges that the individual defendant did wrong" (internal quotation marks and citations omitted)); *see also Bowser v. City of New York*, No. 23 Civ. 6183, 2025 WL 1707174, at *5 (E.D.N.Y. Feb. 25, 2025) (Report & Recommendation) (dismissing Section 1983 claims against New York City officials in their individual capacities due to plaintiff's repeated use of "and/or" connectors and combining allegations as to individual defendants instead of making specific allegations against them as running afoul of Federal Rule of Civil Procedure 8(a)).

The only facts pleaded with regard to the Individual Defendants are that (1) Spano allegedly "sends" Landi or Levy to attend "each meeting of the Board of Contract and Supply at which the Deputy Mayor approves all tow contracts, and their terms, including but not limited to the contract with Transit" and that (2) Spano "chooses" tow companies such as Transit "who are authorized to maintain 'impound areas' for [Yonkers] and who can 'remove impounded vehicles' for Yonkers." Compl. ¶¶ 52-53. Moreover, Plaintiffs allege that Police Commissioner Sapienza "recommends" the tow companies from which Mayor Spano "chooses" and assert in conclusory fashion that Sapienza "maintains the written policy which requires impoundments" and "maintains and implements the policy, custom, and practice of 'disposing of vehicles' on ten days' notice by turning over title to Transit and other towing companies without a hearing whatsoever." *Id.* at ¶¶ 52, 54.

However, none of these allegations sufficiently plead the Individual Defendants' personal involvement in the alleged constitutional deprivation at issue here. *See Tangreti*, 983 F.3d at 609; *Banks v. Annucci*, 48 F. Supp. 3d 394, 416 (N.D.N.Y. 2014) ("a mere 'linkage' to [alleged] unlawful conduct through the 'chain of command'…is insufficient to show…personal involvement"); *Greene v. City of New York*, 773 F. Supp. 3d 94, 113-114 (S.D.N.Y. 2025) (dismissing § 1983 claims brought against New York City officials in their individual capacities due to lack of personal

involvement where plaintiffs alleged "in a conclusory manner, that Executive Defendants were aware of the City's history of…policies and deficiencies in the police response…since 2014 through statistical reports, complaints, and lawsuits against the City, and therefore had the requisite knowledge" and further alleging that the Commissioners "knew or should have known" of the "alleged constitutional violations" as lacking specificity to show personal involvement on the part of the individual defendants); *see also Bowser*, 2025 WL 1707174 at *4 (dismissing plaintiffs' Section 1983 claims against New York City officials, in their individual capacities, as insufficient where they alleged that illegal conduct of the New York City Police Department was "adopted and/or maintained by each successive NYPD Commissioner Defendant, and permitted by the City"; that the New York City officials were "during their tenure . . ., responsible for the booting and towing policies and/or customs of the NYPD at issue…having policy-making authority, including…establishing and/or maintaining the boot-and-tow policy", and "adopted and/or maintained a policy which violates . . . the New York City Administrative Code") (internal quotation marks omitted).

In short, Plaintiffs' conclusory and vague allegations are a mere attempt to hold the Individual Defendants liable simply because they hold influential and high-ranking positions, which does not suffice. Accordingly, all claims against the Individual Defendants should be dismissed.

## POINT II

### PLAINTIFF MORELL'S CLAIMS SHOULD BE DISMISSED BECAUSE HE LACKS STANDING AND FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff Morell's claims against the Municipal Defendants should be dismissed for lack of standing and failure to state a claim. In order to defeat a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), Morell must show that he has standing to sue on claims for this

7

federal court to have subject matter jurisdiction over them. *Mahon*, 683 F. Supp. 3d at 62. Article III standing requires a plaintiff to show that (1) they have suffered an "injury in fact" that is concrete and particularized and not conjectural or hypothetical, (2) that the injury is fairly traceable to the challenged action of the defendant, and (3) that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "At the pleading stage, 'the plaintiff must clearly…allege facts demonstrating each element' of standing." *Kamal*, 2025 WL 919505, at *5 (quoting *Spokeo, Inc.*, 578 U.S. at 338).

Moreover, property interests are not created by the Constitution but instead are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Safepath Sys. LLC v. NYC Dep't of Educ.*, 563 F. App'x 851, 854 (2d. Cir. 2014) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). Additionally, in addressing the threshold issue of standing to challenge a seizure of property, "[t]here must be some indicia of reliability or substance to claims of ownership to reduce the likelihood of a false or frivolous claim." *Decastro v. City of New York*, No. 16-CV-3850, 2019 WL 4509027, at *5 (S.D.N.Y. Sept. 19, 2019) (quoting *United States v. $829,422.42*, 561 F. App'x 100, 100 (2d Cir. 2014)).

Here, Plaintiffs do not allege that Morell was the title owner or the registered owner of the Vehicle. Nor does Morell allege he had a duly recorded lien against the Vehicle. As such, Plaintiffs have not plausibly alleged that Morell had any legal right to sell or transfer the Vehicle at the time of the claimed seizure incident to Morell's arrest.

Nor has Morell plausibly alleged any cognizable Fourteenth Amendment property interest based on the conclusory allegations of his "investment" and "regular use" of the Vehicle.

8

Plaintiffs' reliance on authority in which personal property had been replevied or repossessed after plaintiffs fell behind on installment payments is misplaced. *See, e.g., Fuentes v. Shevin*, 407 U.S. 67, 86 (1972); *Barrett v. Harwood,* 189 F.3d 297, 301 (2d Cir. 1999). While the Second Circuit has held that a plaintiff who has purchased a vehicle through an installment plan and who would not receive title until satisfaction of such installment purchase may retain a property right in the vehicle if he has made substantial payments on the agreement (s*ee, e.g., Alexandre v. Cortes,* 140 F.3d 406, 411 (2d Cir. 1998)), that is simply not what is alleged here.

Here, Plaintiffs make no allegation that Morell had previously been the title owner of the Vehicle or that there was ever to be any transfer of title to Morell conditioned upon Morell making additional installment payments or otherwise. Plaintiffs allege that Taylor was the title owner at the time of the alleged seizure of the Vehicle and Plaintiffs allege no facts supporting any claim that Morell had "the right to redeem the car if it was repossessed." *Alexandre,* 140 F.3d at 410. Indeed, no facts are alleged as to (1) what the alleged agreement provided for, (2) whether it provided for transfer of title or registered ownership and under what conditions, (3) when the alleged "investment" was purportedly made, (4) how the alleged "investment" was calculated and if further payments were to be made, (5) how "regularly" Morell utilized the Vehicle, or any other facts to demonstrate indicia of reliability as to Morell's purported ownership.

In short, Morell has *not* "clearly…allege[d] facts demonstrating each element' of standing, including that he suffered an "injury in fact". Morell does not plausibly allege any protected property interest to begin with. Plaintiffs have not plausibly alleged that Morell was entitled to sell, transfer, repossess or take any other action with regard to the Vehicle sufficient to trigger the protections of due process. Plaintiffs' allegations are much too conclusory to establish any claim of a lawful continuing and constitutionally protected possessory interest, and factually

distinguishable from cases in which title had previously been held or had only not yet been transferred given ongoing obligations to satisfy an installment payment plan.

As Morell does not plausibly allege "ownership" or government deprivation of a protected property interest, and his claims should be dismissed. *See W. Farms Assocs. v. State Traffic Comm'n of State of Conn.*, 951 F.2d 469, 472 (2d Cir. 1991) ("a plaintiff may not successfully claim a deprivation of property without due process absent the identification of a protected property interest.").

## CONCLUSION

For the foregoing reasons, the Municipal Defendants respectfully request that their motion to dismiss Plaintiffs claims against the Individual Defendants and Plaintiff Morell's claims against the Municipal Defendants be dismissed with prejudice, and the Court grant such further and other relief as it deems just and proper.

Dated: White Plains, New York
November 24, 2025

                                        **HARRIS BEACH MURTHA CULLINA PLLC**
*Attorneys for Defendants City of Yonkers, Michael Spano, Anthony Landi, Steven Levy, and Christopher Sapienza*

By:   */s/ Darius P. Chafizadeh*
      Darius P. Chafizadeh, Esq.
      445 Hamilton Avenue, Suite 1206
      White Plains, New York 10601
      (914) 683-1200
      dchafizadeh@harrisbeachmurtha.com

## WORD COUNT CERTIFICATION

  I, Darius P. Chafizadeh, Esq., certify that the total word count in the foregoing memorandum of law is 2,988 words, and as such, it complies with the 8,750-word limit under Rule II.B. of the Individual Practices of the Hon. Kenneth M. Karas.

Dated: November 24, 2025

                   */s/ Darius P. Chafizadeh*
                   Darius P. Chafizadeh, Esq.